UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                    Case No. 11-CR-283-JPS

EFFRIM Z. MOSS,

                                                                       **ORDER**

Defendant.

On April 13, 2026, Defendant Effrim Z. Moss ("Defendant"), acting pro se, filed a motion for a reduction in his sentence. ECF No. 24. He so moves pursuant to 18 U.S.C. § 3582(c)(1)(A), the compassionate release statute, or alternatively 18 U.S.C. § 3582(c)(2), which permits reductions where a defendant's "sentencing range has subsequently been lowered by the [United States] Sentencing Commission." *Id.* at 1, 4; 18 U.S.C. § 3582(c)(2).[1] Because Defendant has failed to indicate whether he has exhausted his administrative remedies insofar as his request proceeds under § 3582(c)(1)(A), the Court will deny the motion without prejudice. The motion also requests appointment of counsel, which the Court will deny at this juncture.

The Court may entertain a defendant's motion to modify his term of imprisonment under the compassionate release statute, § 3582(c)(1), "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

---

[1]Defendant also purports to move under Federal Rule of Criminal Procedure 35(b), ECF No. 1 at 4, but by that rule's terms, only the Government may file such a motion for a reduction in sentence.

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[,]" and the defendant demonstrates that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Although "the exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite," *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021), the Court will not read clear requirements out of the statute and will not entertain a motion for compassionate release before it is clear that the applicable correctional institution has had a chance to address it before it is litigated. *See United States v. Williams*, 987 F.3d 700, 703–04 (7th Cir. 2021) (noting the requirement of exhaustion "afford[s] prisons an opportunity to address issues before they are brought to federal court" and "provide[s] the Bureau [of Prisons] with the information necessary to move for release on a defendant's behalf" if the BOP so desires).

Defendant's motion explicitly acknowledges the exhaustion requirement applicable to motions under § 3582(c)(1)(A), ECF No. 24 at 1, but does not explain whether he has met it. Defendant must present any grounds he wishes to invoke for compassionate release—that is, the "extraordinary and compelling reasons" that he believes warrant a reduction in his sentence—to the warden of his institution in order to properly exhaust them. *See id.* ("[I]n order [to] properly . . . exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau [of Prisons, via the warden] as in a motion to the court."). The Court declines to entertain his motion without knowing whether Defendant has met this requirement.

The terms of § 3582(c)(2), which permits a motion for a sentence reduction where a defendant's "sentencing range has subsequently been

lowered by the [United States] Sentencing Commission," do not contemplate an administrative exhaustion requirement. A motion under § 3582(c)(2) requires the defendant to establish that his sentencing guidelines have been lowered by the Sentencing Commission, and is distinct from a motion under § 3582(c)(1)(A), which as explained above, requires the defendant to both exhaust administrative remedies and establish extraordinary and compelling reasons for release. Defendant's § 3582(c)(2) argument appears to be bound up with his § 3582(c)(1)(A) grounds, however. *See* ECF No. 24 at 4–5 (citing § 3582(c)(2) and stating that the Sentencing Commission has "issued new guidelines" that "entitle him to immediate 'compassionate release'"). Because Defendant must exhaust his administrative remedies as to the § 3582(c)(1)(A) grounds, the Court will not consider his § 3582(c)(2) argument at this time.

Therefore, the Court will deny Defendant's motion without prejudice. Defendant may refile his motion at any time, but any such motion should indicate or include evidence showing that Defendant exhausted each of his asserted grounds for compassionate release under § 3582(c)(1)(A) by presenting them to the warden of his institution and either waiting for a denial from the warden to move for compassionate relief on his behalf or waiting thirty days. His renewed motion may also address any § 3582(c)(2) argument.

Defendant's request for appointment of counsel pursuant to the Criminal Justice Act will also be denied. ECF No. 24 at 4, 6. A defendant is not entitled to appointment of counsel at public expense to litigate a § 3582(c)(2) motion. *United States v. Manning*, 5 F.4th 803, 806 (7th Cir. 2021) (citing *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013) and *United States v. Blake*, 986 F.3d 756 (7th Cir. 2021)).

With respect to requests for appointment of counsel at public expense for § 3582(c)(1)(A) motions, the Court no longer refers motions for compassionate release to Federal Defender Services of Wisconsin, Inc. ("FDS"). "Based on the Seventh Circuit Court of Appeals' decisions in *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), *United States v. Blake*, 986 F.3d 756 (7th Cir. 2021) and *United States v. Manning*, 5 F.4th 803 (7th Cir. 2021), holding that neither the Constitution nor the Criminal Justice Act (18 U.S.C. § 3006A) entitle persons seeking sentence adjustments under the First Step Act of 2018 to appointed counsel at public expense," the January 2019 general order appointing FDS in First Step Cases filed in the Eastern District of Wisconsin has been vacated. *General Order 23-4*, U.S. DIST. CT. FOR E. DIST. OF WIS., *available at* https://www.wied.uscourts.gov/general-orders/vacating-january-2019-order-appointing-fdsw-first-step-act-cases-general-order-23-4 (Apr. 18, 2023).

The Court thus borrows principles from the civil context to examine Defendant's request. In a civil case, 28 U.S.C. § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel." The decision whether to grant a request for counsel is a discretionary one. *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). The Seventh Circuit teaches that a district court should seek counsel to represent a litigant if (1) the litigant has made reasonable attempts to secure counsel or has been effectively precluded from doing so, and (2) "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (*en banc*)). Normally, a court would further consider "the plaintiff's literacy, communication skills, educational level, and litigation experience," as well

as any information bearing on "the plaintiff's intellectual capacity and psychological history." *Pruitt*, 503 F.3d at 655. Finally, the litigant seeking counsel must not only provide the Court an explanation on these points but must also "offer reasons why counsel should be appointed that are not common to many other *pro se* litigants." *Young v. MilliporeSigma,* No. 18-cv-432-JPS, 2018 U.S. Dist. LEXIS 198281, at *2 (E.D. Wis. Nov. 21, 2018) (citing *Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013)).

Defendant's filing does not indicate whether he has sought counsel on his own or explain why he is incapable of litigating this matter on his own. His request for appointment of counsel accordingly will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant Effrim Z. Moss's motion for compassionate release, ECF No. 24, be and the same is hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 13th day of May, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge